An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

TRAVIS C. WEISE, ON BEHALF OF
HIMSELF AND ALL OTHERS
SIMILARLY SITUATED,
Appellant,
vs.
ADMINISTRATIVE OFFICE OF THE
COURTS,
Respondent.

No. 60148

**FILED**

FEB 2 8 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a final order dismissing a tort action arising out of the Foreclosure Mediation Program. Second Judicial District Court, Washoe County; Steven R. Kosach, Judge.

Appellant Travis C. Weise elected to participate in the Nevada Foreclosure Mediation Program. When, at the conclusion of the mediation, the mediator did not submit a petition and recommendation requesting the imposition of sanctions against the beneficiary pursuant to NRS 107.086(5), Weise filed a complaint for gross negligence against respondent Administrative Office of the Courts (AOC) as the mediation administrator. The district court granted the AOC's motion to dismiss the complaint concluding that Weise's complaint was not ripe for adjudication.

A district court's order granting a motion to dismiss under NRCP 12(b)(5) is arduously reviewed at the appellate level. Sanchez v. Wal-Mart Stores, 125 Nev. 818, 823, 221 P.3d 1276, 1280 (2009). "To survive dismissal, a complaint must contain some 'set of facts, which, if

SUPREME COURT
OF
NEVADA

(O) 1947A

13-06313

true, would entitle [the plaintiff] to relief.'" In re AMERCO Derivative Litigation, 127 Nev. ___, ___, 252 P.3d 681, 692 (2011) (alteration in original) (quoting Buzz Stew, LLC v. City of N. Las Vegas, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008)).

"To prevail on a negligence theory, a plaintiff must generally show that: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages." Scialabba v. Brandise Constr. Co., 112 Nev. 965, 968, 921 P.2d 928, 930 (1996). This court will accept as true all of the plaintiff's factual allegations; however, "the allegations must be legally sufficient to constitute the elements of the claim asserted." Sanchez, 125 Nev. at 823, 221 P.3d at 1280.

Even assuming Weise could prove the first three elements of his gross negligence claim, he cannot prove damages since the only conceivable damage in this matter is that the lender was not sanctioned, which does not equate to damages to Weise. Because Weise cannot prove damages, his claim fails. As such, we conclude that the district court properly dismissed Weise's complaint, although for a different reason. See Ford v. Showboat Operating Co., 110 Nev. 752, 756, 877 P.2d 546, 549 (1994) (this court "'will affirm the order of the district court if it reached the correct result, albeit for different reasons.'" (quoting Rosenstein v. Steele, 103 Nev. 571, 575, 747 P.2d 230, 233 (1987))).

 

Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:   Second Judicial District Court Dept. 8
      Washoe County Senior Law Project
      Philip A. Olsen
      Allison, MacKenzie, Pavlakis, Wright & Fagan, Ltd.
      Washoe District Court Clerk